UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:09CV83-J

GARRY A. BROWN                                                      PLAINTIFF

VS.

MICHAEL J. ASTRUE,
      Commissioner of Social Security                                     DEFENDANT

## MEMORANDUM OPINION

Before the Court is the complaint of Garry Brown ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the defendant Commissioner should be affirmed.

## PROCEDURAL HISTORY

On August 18, 2006, Claimant filed application for disability insurance benefits and supplemental security income. After a hearing, Administrative Law Judge Patrick B. Kimberlin III ("ALJ") determined that claimant's colon cancer was not a severe impairment. This became the final decision of the Defendant on all applications when the Appeals Council denied review on April 24, 2009.

## STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by any error of law, and to determine whether substantial evidence supports the factual determinations of the ALJ. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003).

"Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

## ARGUMENTS ON THIS APPEAL

Plaintiff seeks remand for consideration of new and material evidence. The evidence consists of a statement by treating physician John Drury. As claimant recognizes, evidence that was not available to the ALJ cannot be considered here as part of the evidence as a whole, but can only be considered as a possible basis for remand. Cline v. Commissioner, 96 F.3d 146 (6th Cir. 1996). A plaintiff seeking remand for consideration of additional evidence bears the burden of showing that remand is proper. Willis v. Secretary, 727 F.2d 551 (6th Cir. 1984). 42 U.S.C. Sec. 405(g) provides that a district court may remand for consideration of additional evidence only upon a showing of new evidence that is material "and that there is good cause for the failure to incorporate such evidence into the record" previously.

The evidence in question here was "new" in the sense of not being in existence at the time of the ALJ's decision; indeed, Mr. Brown concedes that the questions posed to Dr. Drury were specifically designed to address the ALJ's findings. This does not, however, constitute a showing of good cause for failing to earlier seek out this opinion. Furthermore, Mr. Brown has failed to show that the evidence is material. Evidence is material when the movant shows a reasonable possibility that the evidence would have changed the outcome of the ALJ's decision. See Sizemore v. Sec'y of Health & Human Servs., 865 F.2d 709, 711 (6th Cir.1988). The ALJ

examined Dr. Drury's treatment records, and those records did not demonstrate any continuing complaints during the time period that would be covered by the new evidence. There is no basis for remand.

Plaintiff argues that the ALJ's finding that his colon cancer was not a severe impairment is not supported by substantial evidence. The regulations provide that if the claimant's degree of limitation is none or mild, the Commissioner will conclude the impairment is not severe, "unless the evidence otherwise indicates that there is more than a minimal limitation in your ability to do basic work activities." 20 C.F.R. § 404.1520a(d). The purpose of the second step of the sequential analysis is to enable the Commissioner to screen out "totally groundless claims." Farris v. Sec'y of HHS, 773 F.2d 85, 89 (6th Cir.1985). The Sixth Circuit has construed the step two severity regulation as a " de minimis hurdle" in the disability determination process. Higgs v. Bowen, 880 F.2d 860, 862 (6th Cir.1988). If an impairment has "more than a minimal effect" on the claimant's ability to do basic work activities, the ALJ is required to treat it as "severe." SSR 96-3p (July 2, 1996).

The ALJ noted that during the hearing, plaintiff requested a closed period of disability from August 7, 2006 to October 1, 2007, but the ALJ found that the colon cancer "resolved to less than severe in less than twelve months." Tr. 13. The ALJ recognized that chemotherapy can have a debilitating effect, but he noted that claimant's chemotherapy ended April 25, 2007, and that medical records from July of 2007 did not show more than minimal limitation in ability to do basic work activities.

Plaintiff concedes that his oncologist noted in July of 2007 that the patient "feels relatively well" (Tr. 376), but argues that "relatively well" is not defined. Plaintiff suggests that the ALJ had the obligation to seek additional information from the treating physicians. This suggestion

overlooks the fact that it is the plaintiff's burden to present evidence of disability. If plaintiff suspected that the oncologist's notes did not accurately reflect his condition, it was his duty to seek additional proof.

The records indicate that Mr. Brown tolerated chemotherapy well, and that he did not have fatigue, nausea, or other side effects that might be expected. Tr. 222, 279, 284, 286-287. There was no legal error in the analysis employed by the ALJ, and substantial evidence supports his findings of fact. Accordingly, the decision will be affirmed.